IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY MCCALLAN, *et al.*,   ) | |
| ) | |
| Defendants/Appellants,   ) | |
| ) | |
| v.   ) | CASE NO.  2:13-cv-837-MEF |
| ) | (WO – Publish) |
| DANIEL G. HAMM, *et al.*,   ) | |
| ) | |
| Plaintiffs/Appellees.   ) | |

**O R D E R**

Before the Court is Timothy McCallan, AmeriCorp, Inc., and Seton, Corp.'s ("Appellants") Motion for Leave to Appeal (Doc. #1-1) an order of bankruptcy Judge William Sawyer denying Appellants' motion to recuse. After Daniel H. Hamm and Daniel G. Hamm ("Appellees") contended the Court was without jurisdiction to hear an appeal from Judge Sawyer's order declining to recuse himself from the trial of the bankruptcy case, the Court ordered the parties to show cause as to whether the Court had jurisdiction over the appeal (Doc. #2). The Court finds the parties' briefs on the issue of jurisdiction to be unenlightening, but after an independent review the Court concludes that Appellants' Motion for Leave to Appeal is due to be DENIED and the appeal DISMISSED for lack of subject matter jurisdiction.

**A.    District Courts lack jurisdiction to hear appeals from a bankruptcy court's denial of a motion to recuse under the section of the bankruptcy code conferring jurisdiction over final orders.**

Appellants filed a motion for recusal on the basis of certain statements made by Judge

1

Sawyer in the course of the bankruptcy proceedings in which he allegedly exhibited bias against Appellants individually and on the basis of their work in the debt settlement industry. (Doc. #1-1.) Judge Sawyer denied Appellants' motion to recuse on October 29, 2013, and on October 30, 2013, Appellants filed their notice of appeal and motion for leave to appeal. The bankruptcy code provides as follows concerning jurisdiction of district courts over appeals from orders of a bankruptcy court:

> (a)   The district courts of the United States shall have jurisdiction to hear appeals
>
>> (1) from final judgments, orders, and decrees;
>>
>> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>>
>> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). An order denying a motion to recuse is not among the interlocutory orders referred to in 11 U.S.C. § 1121(d) or under 28 U.S.C. § 157 relating to bankruptcy courts' jurisdiction over core and non-core matters. Thus, the Court potentially has subject matter jurisdiction over the present appeal pursuant either to 28 U.S.C. 158(a)(1) or 158(a)(3).

28 U.S.C. 158(a)(1) confers jurisdiction on district courts to hear appeals from "*final judgments, orders, and decrees*" of bankruptcy courts (emphasis added). It is well-settled in the Eleventh Circuit that an order denying a motion to recuse is an interlocutory, rather than a final order, and that an interlocutory appeal does not lie from the denial of a motion to recuse. *Wyatt ex rel. Rawlins v. Rogers*, 92 F.3d 1074, 1080 (11th Cir. 1996); *United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir. Unit B Sept. 25, 1981); *In re Corrugated Container Antittrust Litig.*, 614 F.2d 958, 960–61 (5th Cir. 1980).[1] The Court does have authority to review the question of disqualification on mandamus petition. *See Corrugated Container*, 614 F.2d at 961 n. 4. Mandamus is an extraordinary remedy that should be issued only in exceptional circumstances amounting to a judicial "usurpation of power." *Id.* at 962 (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)). Appellants have not submitted a mandamus petition, and the Court declines to treat the Motion for Leave to Appeal as a mandamus petition on its own initiative given the extraordinary nature of this remedy. *See Wyatt*, 92 F.3d at 1081. Therefore, the Court does not have jurisdiction over the appeal under 158(a)(1).

**B.     The Court lacks jurisdiction to hear the appeal from the bankruptcy court's denial of a motion to recuse under the section of the bankruptcy code conferring discretionary jurisdiction over interlocutory orders because the denial of the motion to recuse does not involve a controlling question of law as to which there is substantial ground for difference of opinion.**

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

28 U.S.C. 158(a)(3) confers jurisdiction on district courts to hear appeals from "other interlocutory orders and decrees" of a bankruptcy court "*with leave of the court*" (emphasis added).  Appeals of interlocutory orders pursuant to 158(a)(3) require the filing of a motion for leave to appeal in addition to the filing of a notice of appeal.  Fed. R. Bankr. P. 8001(b), 8003.  Appellants timely filed both a motion for leave to appeal and a notice of appeal.  (Docs. #1-1, 1-2.)  The bankruptcy code gives a district court discretion to hear appeals from interlocutory orders of a bankruptcy court but does not provide criteria for exercising that discretion.  As a result many, but not all, circuits have applied 28 U.S.C. § 1292(b) to determine whether to accept an interlocutory appeal under 158(a)(3).  *See In re Lewis & Clark Apartments, LP*, 479 B.R. 47, 51 (B.A.P. 8th Cir. 2012) ("In deciding whether to grant a motion for leave to appeal an interlocutory order, the Eighth Circuit typically applies the standards found in 28 U.S.C. 1292 . . . ."); *In re Bank of New England Corp.*, 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998) ("Section 158 provides no express criteria to guide our discretion, but most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under § 1292(b)."); *In re Price*, 79 B.R. 888, 889 (B.A.P. 9th Cir. 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989) (same); *In re Bertoli*, 812 F.2d 136 (3d Cir.) (affirming jurisdiction where district court applied 1292(b) criteria to interlocutory appeal but rejecting argument that bankruptcy judge must certify order for interlocutory appeal).  *But see In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) ("We have not previously considered whether it is proper for a district court to adopt the § 1292(b) standard for § 158(a) purposes, and we do not do so here.").

Although the Eleventh Circuit has not addressed whether the standard of 28 U.S.C. § 1292(b) should apply to a district court's exercise of discretion to hear an appeal of an interlocutory order of a bankruptcy court, district court cases in the Eleventh Circuit are unanimous in applying 1292(b). *See Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823–24 (S.D. Fla. 2007) (applying 1292(b) to question of whether to exercise discretion to hear appeal of interlocutory order of bankruptcy court and collecting cases); *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995) ("In determining when to exercise this [158(a)(3)] discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeal pursuant to 28 U.S.C. § 1292(b)."). The Court will therefore follow the majority of circuit courts and all district courts in the Eleventh Circuit in applying the standards of 28 U.S.C. § 1292(b) to determine whether to exercise its discretion to hear the appeal of the bankruptcy judge's interlocutory order denying Appellants' motion to recuse.

Under 1292(b), an interlocutory order may become appealable if the district court is of the opinion that: (1) the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) immediate appeal from the order may materially advance the ultimate termination of the litigation. An order involves a controlling question of law if it involves an "abstract legal issue or what might be called one of 'pure' law, matters the court of appeals can decide quickly and cleanly without having to study the record." *McFarlin v. Conseco Servs., L.L.C.*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal quotation and citation omitted). A legal question is one to which there is substantial ground

for difference of opinion if an appellate court would disagree on the meaning of the relevant legal principle rather than on its application to the facts.  *See Burrell v. Bd. of Trs. of Ga. Military Coll.*, 970 F.2d 785, 788–89 (11th Cir. 1992).  A controlling question of law materially advances the termination of the litigation if it would serve to avoid a trial or otherwise substantially shorten the litigation.  *McFarlin*, 381 F.3d at 1258.  1292(b) appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."  *Id.*

The issue of whether the bankruptcy judge should have recused himself does not involve a controlling question of law as to which there is substantial ground for difference of opinion.  Appellants do not claim that the bankruptcy judge's denial of their motion to recuse was the result of a doubtful legal principle.  Nor do the parties dispute the legal standard for a motion to recuse.  Rather, Appellants disagree with the bankruptcy judge's application of the recusal standard to the facts of the particular case.  Appellants argue that certain statements made by Judge Sawyer in bankruptcy proceedings "clearly evidenced a pre-judgment bias or prejudice of the facts, law and policies involved in this case."  (Doc. #1-1, at 2.)  But this is a dispute about the application of the law to a particular set of facts and is not a "pure, controlling question of law" but rather requires the Court "to delve beyond the surface of the record in order to determine the facts."  *McFarlin*, 381 F.3d at 1258.  *See In re The Ad Hoc Comm. of Tort Victims,* No. 04CV08934, 2005 WL 267564, at * 4–7 (S.D.N.Y. Feb. 3, 2005) (declining discretionary jurisdiction over bankruptcy judge's denial

of motion to recuse on the grounds that the dispute did not concern a doubtful legal principle but was rather "a fact-intensive question that would be more appropriate for resolution after the final judgment.").[2] Therefore, since the first prong of the 1292(b) standard for exercising discretionary jurisdiction is not met, the Court declines to exercise its discretionary jurisdiction under 28 U.S.C. § 158(a)(3). Accordingly, it is hereby

ORDERED that Appellants' Motion for Leave to Appeal (Doc. #1-1) is DENIED, Appellees' Motion to Strike (Doc. #1-3), which is construed as a Motion to Dismiss for Lack of Subject Matter Jurisdiction, is GRANTED, and the appeal is DISMISSED for lack of subject matter jurisdiction.

DONE this the 3rd day of December, 2013.

            /s/  Mark E. Fuller
           UNITED STATES DISTRICT JUDGE

---

[2] In *In re Moix-McNutt*, the United States Bankruptcy Appellate Panel of the Eighth Circuit used its discretionary jurisdiction under 158(a)(3) to hear an interlocutory appeal from a bankruptcy judge's denial of a motion to recuse. 215 B.R. 405, 408–09 (B.A.C. 8th Cir. 1997). However, the court acknowledged that in granting judicial review it was departing from the ordinary practice of considering the standards set out in 28 U.S.C. 1292(b) in deciding whether to exercise its discretion to hear an appeal of an interlocutory order. 215 B.R. at 408 n. 6. As discussed above, the Court will follow the majority of circuits and all district courts in the Eleventh Circuit in applying the criteria of 1292(b) to discretionary jurisdiction under 158(a)(3).